### FRIEDLANDER v. LACHMAN, HIRSCH & CO.

(Supreme Court, Appellate Term.    March 8, 1912.)

COURTS (§ 189*)—MUNICIPAL COURTS—JUDGMENT—"CORRECTION."

On November 2, 1911, in the Municipal Court, the judge rendered judgment for plaintiff for $75, and plaintiff on November 6th moved to set aside the judgment for insufficiency of the damages, under Municipal Court Act (Laws 1902, c. 580) § 254. On November 24th the court changed the judgment to $150, with a memorandum stating that the original judgment was rendered under the impression that plaintiff had withdrawn the cause of action for breach of contract; but, being convinced

* For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the action was not withdrawn, the judgment would be corrected, and the amount of damages fixed at $150. *Held* not a "correction" of the judgment, within such section, but an unwarranted rendition of a new judgment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*

For other definitions, see Words and Phrases, vol. 2, p. 1627.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Herman Friedlander against Lachman, Hirsch & Co. From a judgment for plaintiff, and an order amending the judgment, defendant appeals. Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Charles Fischer, for appellant.
Samuel Blumberg, for respondent.

BIJUR, J. Plaintiff was engaged for a fixed term by defendant as traveling salesman, and had what is commonly known as a "drawing account" of $25 per week. He sued for 3 weeks of this account, which, at the time of his alleged discharge, remained unpaid, and for 12 subsequent weeks' installments. The defendant, besides its denial, sets up a counterclaim for the weekly amount "previously" advanced beyond the amount of commissions earned. On November 2, 1911, the trial judge rendered judgment for the plaintiff in the sum of $75. On November 6th the plaintiff made a motion for an order setting aside the judgment on the ground that the amount of damages was insufficient, and for further relief, under section 254 of the Municipal Court act (Laws 1902, c. 580). This motion was made returnable November 8th (the 7th being election day). On that day it appears, from an indorsement on the motion papers signed by the trial judge, that the hearing was adjourned. On November 24th the trial court changed the judgment to $150, writing the following memorandum:

"Judgment for $75 was rendered while the court was under the impression that the plaintiff had withdrawn the cause of action for breach of contract. Upon this motion being made, a further consideration of the testimony and an inspection of the minutes convinces me that such cause of action was not withdrawn. In view of this situation, the judgment must be corrected, and I fix the amount of damages as amended at $150, instead of $75."

This, however, was not the correction of a judgment, in the sense in which that term is used in section 254 of the Municipal Court act, but was the rendition of a new judgment, and was, therefore, not warranted. Vitale v. Gants et al., 123 N. Y. Supp. 45.

For this reason, the judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes